Harold **KONIGSBERG**, Appellant,

v.

Austin F. **SHUTE**.

No. 18821.

United States Court of Appeals, Third Circuit.

Submitted on Briefs Dec. 1, 1970.

Decided Dec. 22, 1970.

Frank A. Lopez, Brooklyn, N. Y., for appellant.

Gerald W. Conway, Schreiber & Lancaster, Newark, N. J., for appellee.

Before KALODNER, SEITZ and ALDISERT, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

We are reversing a summary judgment of the district court which dismissed a complaint filed in the district of New Jersey served on a defendant in the state of Missouri on the ground that "the defendant has not had sufficient minimum contact with the state of New

Jersey to make him amenable to process under F.R.C.P. 4(e)." We hold that appellee waived his right to assert the defense of lack of jurisdiction over the person or insufficiency of process. Fed.R.Civ.Proc. 12(h) (1).

A complaint based on diversity was filed August 19, 1969, in the district of New Jersey. After being served with process in the state of Missouri, the defendant moved for a change of venue to which the plaintiff filed a reply opposing the change. Thereafter, on September 11 defendant filed an answer denying the allegations on the merits.

On October 9, 1969, the defendant moved for leave to file an amended answer which for the first time asserted the defense that the court lacked jurisdiction over the person of the defendant. An amended answer was then filed on December 18, pursuant to a court order dated December 15, 1969, granting leave.

Rule 12(h) (1) provides that "a defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived * * * if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by *Rule 15(a) to be made as a matter of course."* (emphasis supplied)

Rule 15(a) provides that "a party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, *he may so amend it at any time within 20 days after it is served.* Otherwise a party may amend his pleading *only by leave of court* or by written consent of the adverse party; and leave shall be freely given when justice so requires." (emphasis supplied)

Defendant-appellee's original answer was served by mailing to his adversary on September 9, and was filed September 11. Under Rule 15(a) he had 20 days after service upon plaintiff-appellant to file an amendment as of course. This period expired before October 9, 1969, when application was made to the court for leave to file an amended answer; *a fortiori* the time period had long expired before December, when the amended answer was in fact filed. He therefore was no longer entitled to file an amended answer as a matter of course. He required leave of court, which he sought and received.

His court-authorized amended answer did not qualify as one described in waiver Rule 12(h) (1) as "an amendment thereof permitted by Rule 15(a) to be made as a matter of course."

In Orange Theatre Corp. v. Rayherstz Amusement Corp., 139 F.2d 871, 874 (3 Cir., 1944) this court, speaking through Judge Maris stated:

> If the defense of lack of jurisdiction of the person is not raised by motion before answer or in the answer itself it is by the express terms of paragraph (h) of Civil Procedure Rule 12 to be treated as waived, not because of the defendant's voluntary appearance but because of his failure to assert the defense within the time prescribed by the rules.

The judgment of the district court in favor of the defendant will be reversed and the cause remanded for further proceedings.