GOVERNMENT OF the
VIRGIN ISLANDS

v.

SUN ISLAND CAR RENTALS, INC.

Appeal of TERRITORIAL COURT OF
the VIRGIN ISLANDS, Appellant.

No. 86–3407.

United States Court of Appeals,
Third Circuit.

Argued April 27, 1986.

Decided June 1, 1987.

Brenda J. Hollar (argued), Charlotte Amalie, St. Thomas, V.I., for appellant.

Robert J. Ambrogi (argued), Charlotte Amalie, St. Thomas, V.I., for appellee.

Before SEITZ, HIGGINBOTHAM and ROSENN, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

The Territorial Court of the Virgin Islands appeals from the June 9, 1986 district court order denying its motion for reconsideration of the March 7, 1986 order, which clarified the permanent injunction entered in this action on January 27, 1984. We have appellate jurisdiction under 28 U.S.C. § 1291 (1982).

### I.

Plaintiff Sun Island Car Rentals, Inc. ("Sun Island") operates a car rental business on St. Thomas. Some of Sun Island's lessees incur parking tickets. Many fail to pay the tickets and fail to inform Sun Island that the rental cars have been ticketed.

Under Virgin Islands law, parking tickets constitute liens on the ticketed cars. A car will not be registered until these liens have been discharged. 20 V.I.C. § 497 (1976). Each year, Sun Island must have its cars inspected and registered by the Virgin Islands Police Department. Because Sun Island generally does not receive notice of the tickets from the government, it often first learns of the outstanding liens when it attempts to renew the vehicle registrations.

When Sun Island commenced this action in December 1983, 70 of its cars were subject to a total of 352 parking and traffic tickets. The complaint requested declaratory and injunctive relief invalidating the liens and mandating strict adherence to the procedures set out in 20 V.I.C. § 497 and named the Government of the Virgin Islands as the sole defendant. Among other things, Sun Island alleged that it was not receiving mailed notice of the parking tickets as required by the statute. Counsel for the plaintiff delivered copies of the complaint and accompanying papers to the Attorney General's office. A consolidated hearing was held on January 5, 1984. The Government of the Virgin Islands was represented by counsel, although he stated that he did not represent the Territorial Court.

On January 27, 1984, the district court entered a permanent injunction in favor of Sun Island. The court determined that while the statute allowed for the establishment of liens as to parking tickets, there was no such authorization as to moving violations. The injunction barred "the Government of the Virgin Islands, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice" from requiring, as a prerequisite to registering and licensing of motor vehicles, the payment of parking tickets predating the injunction, the payment of territorial court costs, or the payment of tickets for moving violations. An accompanying order directed the clerk of the Territorial Court to register liens for parking violations in strict adherence to section 497.

In 1985, Sun Island moved for an order holding the Territorial Court in contempt of the permanent injunction. Counsel for the Territorial Court was present at the hearing, although it is unclear whether counsel fully participated. After the hearing, the district court stated that it would deal with the matter informally by contacting the presiding judge of the Territorial Court.

On December 18, 1985, Sun Island again moved for an order holding the Territorial Court in contempt. Counsel for the Territorial Court entered an appearance, filed opposition papers, and fully participated in the hearing on the motion. By order dated March 7, 1986, the district court indicated that there had been little or no compliance with the injunction. The district court, however, accepted the Territorial Court's excuse that it misunderstood the permanent injunction, and entered an order clarifying the permanent injunction. The order invalidated all liens on Sun Island cars that had been imposed without strict compliance with 20 V.I.C. § 497 in that notice of the tickets was not mailed to Sun Island. The order specifically identified the Territorial Court and barred it from imposing liens without complying with 20 V.I.C. § 497.

On March 26, 1986, the Territorial Court moved for reconsideration. It argued that section 497 does not require mailed notice

of parking tickets. It further argued that it could not be held in contempt (in fact, it was not so held) because it had substantially complied with section 497. The district court denied this motion on June 9, 1986. The Territorial Court appeals.

## II.

On this appeal, the Territorial Court contends that the district court lacked subject matter jurisdiction over this case, that the case should not have proceeded in the absence of the Territorial Court, that the service of process on the Government was defective, and that the district court erred in construing 20 V.I.C. § 497.

## A. SUBJECT MATTER JURISDICTION

The Territorial Court argues that the district court was without subject matter jurisdiction to entertain this dispute because the complaint requested declaratory and injunctive relief only and because the maximum fine for a single parking violation is $100. *See* 20 V.I.C. § 497 (1976). We cannot proceed unless we are convinced that the district court had subject matter jurisdiction.

In non-federal disputes, the district court of the Virgin Islands has original general jurisdiction unless such jurisdiction is conferred exclusively on the Territorial Court. Revised Organic Act of the Virgin Islands § 22(a) (1985 Supp.), 48 U.S.C.A. § 1612 (1987 Supp.). The jurisdiction of the District Court, however, does not extend to "civil actions wherein the matter in controversy does not exceed the sum or value of $500, exclusive of interest and costs." *Id.* Such cases are within the exclusive jurisdiction of the Territorial Court. 4 V.I.C. § 75 (1985 Supp.). In the typical non-federal civil action, therefore, the jurisdictional minimum for suing in the district court of the Virgin Islands is $500.

■ The Territorial Court errs to the extent it argues that the nature of the relief sought determines whether there is subject matter jurisdiction. Subject matter jurisdiction is neither conferred nor lost on the basis of the remedies sought. *See Warren E. Brown Tenants' Council v. Virgin Islands Housing Authority,* 17 V.I. 486 (D.V.I.1980). Because no monetary damages were sought in this case, the amount in controversy must be determined by examining the value of the underlying right sought to be protected. *See Hunt v. Washington State Apple Advertising Commission,* 432 U.S. 333, 347, 97 S.Ct. 2434, 2443, 53 L.Ed.2d 383 (1977).

■ Sun Island's complaint satisfied the jurisdictional minimum of $500. In 1983, when the complaint was filed, 70 Sun Island cars were subject to a total of 352 parking and traffic tickets. The face amount for each ticket was $25 and the payment of an additional $25 in Territorial Court costs per ticket was required to discharge a lien. Although the value of each ticket does not exceed $500, aggregation of claims to reach the jurisdictional minimum is permitted when a single plaintiff joins all of its claims against a single defendant or jointly liable multiple defendants. *See Snyder v. Harris,* 394 U.S. 332, 335, 89 S.Ct. 1053, 1056, 22 L.Ed.2d 319 (1969); *Edwards v. Bates County,* 163 U.S. 269, 16 S.Ct. 967, 41 L.Ed. 155 (1896); *Diefenthal v. Civil Aeronautics Board,* 681 F.2d 1039, 1053 n. 15 (5th Cir.1982), *cert. denied,* 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983); *Griffin v. Red Run Lodge, Inc.,* 610 F.2d 1198, 1204 (4th Cir.1979); 3A *Moore's Federal Practice* ¶ 18.07[1.–1] (1986). Because Sun Island sought invalidation of all of these tickets, the underlying claim involved an amount exceeding $500. We conclude, therefore, that the district court had subject matter jurisdiction over this case even though Sun Island did not seek a monetary judgment in excess of $500.[1]

## B. TERRITORIAL COURT PARTICIPATION IN THE LITIGATION

The Territorial Court argues that the district court should not have granted the

---

1. Because we believe this case satisfies the $500 jurisdictional minimum, we need not decide whether that minimum applies when the conduct of the Territorial Court is in issue.

original permanent injunction because the Territorial Court was not joined as a party. Under section 497, the Territorial Court shares with the Police Department the responsibility for the administration of the parking ticket lien statute. Thus, complete relief could not be accorded without the presence of the Territorial Court. The Territorial Court therefore argues that it was an indispensable party and the action should not have proceeded in its absence. Sun Island responds that by naming the Government of the Virgin Islands in its complaint it joined all subdivisions of the government, including the Territorial Court.

We will assume without deciding that the Territorial Court was neither a party nor a participant in the original phase of this litigation which resulted in the January 27, 1984, permanent injunction. The parties, however, select the wrong time frame for evaluating the Territorial Court's participation in this litigation.

■ Whatever the joinder infirmities in the original action, in the most recent proceedings, the Territorial Court came before the district court and defended itself against the contempt charges. It fully participated in the evidentiary hearing and presented its view on the merits of this case. The Territorial Court participated in this phase of the litigation like a party and the district court was entitled to treat it as such. There is no unfairness in this result, particularly because the district court accepted the Territorial Court's excuse and entered a clarifying order rather than a contempt citation.

## C. SUFFICIENCY OF PROCESS

The Territorial Court challenges the sufficiency of process on the executive branch prior to the entry of the original injunction. The Territorial Court argues that no defendant was effectively served and, therefore, the district court should not have proceeded to hold a hearing on the permanent injunction.

■ This argument is without merit. Under Rule 12(h) of the Federal Rules of Civil Procedure, defective service of process is waived if it is not challenged in the first defensive pleading. *See Konigsberg v. Shute*, 435 F.2d 551 (3d Cir.1970). Assuming without deciding that the Government did not waive the alleged defect in the first phase of this litigation and that the Territorial Court could challenge the adequacy of service on another entity, the Territorial Court did not challenge the sufficiency of process in its filings and participation in the district court. The defense has been waived and the Territorial Court may not raise it for the first time on this appeal.

## D. MAILED NOTICE UNDER SECTION 497

We now turn to the merits of this appeal. The district court denied the motion for reconsideration because the motion simply reiterated the Territorial Court's position that section 497 does not require mailed notice of parking tickets and the accompanying liens to Sun Island as the registered owner. Typically, we review the denial of a motion for reconsideration for abuse of discretion; however, where, as here, the denial is based on the interpretation or application of a legal principle, we exercise plenary review. *See Koshatka v. Philadelphia Newspapers, Inc.*, 762 F.2d 329, 333 (3d Cir.1985).

Under the statutory scheme, a parking ticket requires the appearance of the offender before the Territorial Court on a specified date, between five and ten days from the date of the infraction. Further, the statute provides:

If the offender does not appear in response to the traffic ticket affixed to such motor vehicle within the period prescribed therein, the complaint shall be filed against the vehicle's owner appearing in the records of the [police department]. *The clerk of the [Territorial Court] shall send to said registered owner at his last known address, a copy of the complaint* admonishing him that should he fail to appear within the term of 10 days counting from the date said copy is mailed, warrant for his arrest shall issue.

20 V.I.C. § 497(f) (emphasis added).

■ The statute, in subsection (g), provides that each ticket shall constitute a lien

**434**

and that the clerk of the Territorial Court shall notify the registered owner of the establishment of the lien. Under this provision, notification of the registered owner by mail "shall constitute legal notice."

To comply with the clear language of this statute, the clerk of the Territorial Court must send mailed notice of parking tickets to the registered owner of a vehicle when no one appears on the original return date. Whether section 497(g) by its own force requires mailed notice of the lien or simply permits such notice, section 497(f) by its terms requires mailed notice of the parking ticket. Because the parking ticket is the lien under section 497(g), the district court did not err in requiring mailed "notice of traffic tickets and/or liens." Order of March 6, 1986.

### III.

For the foregoing reasons, the June 9, 1986 order of the district court denying the Territorial Court's motion for reconsideration will be affirmed.