**Sebastian Infanzón MITCHELL, as Trustee of R. Cacho & Co., Inc., Plaintiff, Appellee,**

v.

**Boyd HOBBS, and the Conjugal Partnership Existing Between Himself & His Wife Margaret Doe, et al., Defendants, Appellees,**

**C.E. Whatley, Defendant, Appellant.**

**No. 90–2211.**

United States Court of Appeals, First Circuit.

Heard May 7, 1991.

Decided Dec. 4, 1991.

Ivonne Cruz–Serrano with whom Luis Sanchez–Betances and Sanchez–Betances & Sifre were on brief, for defendant, appellant Whatley.

Edna Hernandez with whom Rafael Escalera–Rodriguez and Lasa, Escalera & Reichard were on brief, for plaintiff, appellee.

Before SELYA, Circuit Judge, BOWNES, Senior Circuit Judge, CYR, Circuit Judge.

CYR, Circuit Judge.

Appellant Cleveland Earl Whatley filed a belated postjudgment motion alleging that a consent judgment had been entered against him without his consent. The district court summarily denied the motion and we affirm.

# I

## BACKGROUND

On January 23, 1989, plaintiff-appellee Sebastian Infanzón Mitchell commenced a civil action against appellant Whatley and others, asserting various claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), as well as pendent state law claims under articles 1308 and 1802 of the Puerto Rico Civil Code. In March 1990, the parties, through counsel, entered into settlement negotiations. On March 16, plaintiff informed the court that the parties would submit a settlement agreement within ten days, and the court, taking note of the motion, stated that settlement papers should be filed by March 29. On March 27, one day after receiving a draft of a settlement agreement from the plaintiff, Luis F. Colón Gonzalez, Esquire, ("Colón"), counsel of record to Whatley and three other defendants,[1] requested an extension of time to submit final settlement papers, explaining that he had not yet received responses from his clients.[2] Two weeks later, in considering Colón's motion, the district court expressed to counsel its understanding that the parties had settled the case. The court directed counsel to submit settlement papers promptly or else continue with discovery. On April 26, plaintiff Mitchell drafted a final version of the settlement and sent it to Colón, who in turn transmitted it to his clients, including Whatley.

On May 21, Colón requested leave to withdraw as counsel to all codefendants, due to a "conflict of interest." Colón explained that "[a]fter months of negotiating a settlement under terms approved by our clients, one of these has rejected it, as he feels its [sic] not to his best interest." Plaintiff Mitchell immediately filed a written request for a status conference which represented to the district court that the April 26 settlement draft contained "all of the terms and conditions agreed upon between the parties" and involved only minor modifications to the original draft.

A status conference was held before the district judge on June 25. The minutes reflect as follows: "Counsel Luis F. Colón states that upon receipt of the settlement papers drafted by plaintiff, defendant Earl Whatley refused to accept the settlement *he has previously agreed upon.*" (emphasis added). The district court found that all parties, including appellant Whatley, had accepted the settlement agreement. The court relied on Colón's representations and on our decision in *Berrios Rivera v. British Ropes, Ltd.*, 575 F.2d 966 (1st Cir.1978) (refusing to set aside district court findings that all parties agreed to settle case even though appellant's counsel did not attend settlement conference at which agreement allegedly was reached and no formal releases or stipulations for entry of judgment were executed). The court accordingly directed entry of a consent judgment incorporating the agreed terms. The consent judgment was entered on June 29, 1990.

On or about July 16, 1990, Francisco López Romo, Esquire, whom Whatley had consulted in connection with the case, informed Whatley of the entry of the consent judgment. Nevertheless, Whatley did not appeal. A writ of execution issued on September 20. On October 16 the district court granted Colón's second motion for leave to withdraw and Colón was replaced as Whatley's counsel of record by Ivonne Cruz–Serrano, Esquire. Finally, on November 1, more than four months after the entry of the consent judgment, Whatley filed a postjudgment motion to vacate judgment, pursuant to Federal Rule of Civil Procedure 60(b)(6), which the district court summarily denied on November 8.[3]

---

1. Colón appeared in behalf of Whatley and codefendants Boyd Hobbs, Herbert Woll and Dawco, Inc.

2. The motion informed the district court that "Mr. Hobbs expressed his desire to come to Puerto Rico during the week of April 16, 1990 to sign the documents once final corrections and modifications are included.... As of this writ-ing I have not obtain [sic] *a firm date* from Mr. Whately [sic] and Mr. Woll." (emphasis added).

3. Whatley's postjudgment motion expressly invokes no particular subsection of Civil Rule 60(b). The supporting memorandum specifically invokes rule 60(b)(6), although it contains some argumentation for relief under rule 60(b)(1) as well. On appeal, however, Whatley

## II

## DISCUSSION

■ On appeal, Whatley advances three principal claims for relief from the consent judgment. The primary contention is that he never authorized anyone to represent him, let alone to consent to judgment in his behalf. The second claim for relief from judgment is that he was never properly served with process. Third, Whatley contends that the district court erroneously applied *Berrios Rivera, supra,* and mistakenly assumed that the validity of the settlement agreement was governed by federal law, rather than Puerto Rico law.[4]

■ A rule 60(b)(6) motion is addressed to the sound discretion of the district court. *Rivera v. Puerto Rico Tel. Co.,* 921 F.2d 393, 395 (1st Cir.1990); *United States v. Baus,* 834 F.2d 1114, 1121 (1st Cir.1987). *See also United States v. Berenguer,* 821 F.2d 19, 20 (1st Cir.1987) ("60(b)" motion). Thus, we inquire whether the rule 60(b)(6) motion was denied due to the fact that "a material factor deserving significant weight [was] ignored, ... an improper factor [was] relied upon, or ... all proper and no improper factors [were] assessed, but the court ma[d]e[ ] a serious mistake in weighing them." *Anderson v. Beatrice Foods Co.,* 900 F.2d 388, 394 (1st Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 233, 112 L.Ed.2d 193 (1990) (quoting *Fashion House, Inc. v. K Mart Corp.,* 892 F.2d 1076, 1081 (1st Cir.1989)).

### A. *Consent*

■ The district court did not abuse its discretion by denying Whatley's rule 60(b)(6) motion for relief from judgment. Rule 60(b)(6) may not be used to escape the consequences of the movant's dilatory failure to take a timely appeal. *United States v. Berenguer,* 821 F.2d 19, 21 (1st Cir.1987) ("Absent compelling reasons, parties may not employ [60(b)](6) to expand their time for taking appropriate action"); *Elias v. Ford Motor Co.,* 734 F.2d 463, 467 (1st Cir.1984) (rule 60(b)(6) motion may not be used as a substitute for appeal); *Lubben v. Selective Service System Local Board,* 453 F.2d 645, 651 (1st Cir.1972) ("like Rule 60(b) generally, [60(b)(6) ] is not a substitute for an appeal, and in all but exceptional circumstances, the failure to prosecute an appeal will bar relief under that clause" (footnote omitted)). *See also Ojeda–Toro v. Rivera–Mendez,* 853 F.2d 25, 29 (1st Cir.1988) (party who had timely access to information which would have proven opponent's misrepresentations, but failed to appeal, could not prevail on a rule 60(b)(3) motion).

■ Relief from judgment cannot be obtained under rule 60(b)(6) unless the movant can demonstrate that "extraordinary circumstances" prevented a timely appeal. *Ackermann v. United States,* 340 U.S. 193, 197–202, 71 S.Ct. 209, 211–214, 95 L.Ed. 207 (1950). Whatley utterly failed to demonstrate any extraordinary circumstance which would excuse his failure to take a timely appeal from the consent judgment. Whatley not only failed to come forward *before judgment* with his allegations of misrepresentation by the parties and of unauthorized representation by Colón, but he failed to appeal the consent judgment notwithstanding his own admission that he was informed of the consent judgment "on or around July 16," well within the thirty-day appeal period. *See also* Fed.R.App.P. 4(a)(5) (permitting 30–day extension by district court on showing of excusable neglect or good cause, on motion made within "30 days after the expiration of" the 30–day appeal period allowed under FRAP 4(a)). Thus, Whatley failed to offer any legitimate explanation for the failure to take a timely appeal from the consent judgment.

characterizes the postjudgment motion as a 60(b)(6) motion. We do likewise.

4. The third claim of error is not properly before us, since Whatley never raised it in his rule 60(b) motion. Thus, the third claim will not be entertained on appeal unless our failure to do so would result in a gross miscarriage of justice and the claim is so compelling as essentially to guarantee appellant's success. *Kale v. Combined Ins. Co.,* 861 F.2d 746, 755 (1st Cir.1988) (citing cases). Neither showing has been made here.

■ Whatley argues, nonetheless, that the district court abused its discretion by denying relief from judgment without an evidentiary hearing. Although an evidentiary hearing may be appropriate in a rule 60(b) case, none was required in the instant case. *See United States v. Baus*, 834 F.2d 1114, 1123 (1st Cir.1987) (when reviewing denial of rule 60(b)(6) motion based on uncontested allegations, appeals court should decide whether allegations, if proven, would justify relief, and if so, should direct district court to hold evidentiary hearing to determine truth of allegations). We are not presented with an appeal from a denial of postjudgment relief where the grounds for relief were not discovered until *after judgment. Compare Surety Ins. Co. v. Williams*, 729 F.2d 581, 582 (8th Cir.1984); *Bradford Exchange v. Trein's Exchange*, 600 F.2d 99, 100–01 (7th Cir.1979). Whatley admits that the grounds for relief asserted in his rule 60(b)(6) motion were known to him *two months prior to judgment*. To *require* an evidentiary hearing on a rule 60(b) motion notwithstanding the fact that the record before the district court demonstrated no facially sufficient justification for the movant's failure to take a timely appeal would invite indiscriminate disregard of the finality of judgments in civil cases through recourse to dilatory practice. We conclude that the district court did not abuse its discretion by denying Whatley's rule 60(b)(6) motion for relief from judgment, as there was no sufficient showing of justification for the failure to take a timely appeal.

## B. *Service of Process*

■ Whatley first challenged the sufficiency of service of process in his rule 60(b)(6) motion. The motion and supporting affidavit represented that Whatley was "never summoned nor served with the complaint in this case." Neither Whatley's unexcused failure to take a timely appeal nor the delay in moving for postjudgment relief would bar relief from an unwaived deficiency in service of process which precluded the district court from acquiring *in personam* jurisdiction. *See Hospital Mortgage Group, Inc. v. Parque Industrial Rio Canas, Inc.*, 653 F.2d 54, 56 (1st Cir.1981) (citing 11 Wright & Miller, *Federal Practice and Procedure* § 2862 at 197 (1973)); 7 *Moore's Federal Practice* ¶ 60.-25[4] (2d ed. 1991); Fed.R.Civ.P. 60(b)(4).[5] We find it unnecessary to resolve the issue,[6] however, since we conclude that any insufficiency in the service of process effected on Whatley was waived.

5. Although Whatley's postjudgment motion did not expressly invoke rule 60(b)(4), postjudgment relief generally will not be deemed barred for mere misdesignation of the proper rule 60(b) subdivision, *see Morgan Guaranty Trust Co. v. Third Nat. Bank*, 545 F.2d 758, 760 (1st Cir. 1976), particularly where, as here, the underlying issue may be jurisdictional, *cf. Hospital Mortgage Group, Inc.*, 653 F.2d at 56 (entertaining *particular* "service of process" argument not raised before district court). *See also Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 n. 31 (D.C.Cir.1987) (courts have treated 60(b) motions that rely on no particular subdivision as invoking pertinent ones).

6. Were it necessary to address the issue, however, the absence of findings and conclusions by the district court, coupled with the parties' failure to develop the issue, both in the district court and on appeal, would require remand for appropriate findings. Whatley's brief on appeal does not argue that the district court lacked *in personam* jurisdiction by reason of insufficient service of process. Even at argument Whatley's counsel asserted no such claim until the court made direct inquiry on the subject.

The record nonetheless discloses possible serious deficiencies in the service of process effected on Whatley. The district court authorized service of process by publication as to a number of defendants, including Whatley, pursuant to Fed.R.Civ.P. 4(c)(2)(C)(i) and P.R.Civ.P. ("PRRCP") 4.5 and 4.7. Under PRRCP 4.5, plaintiff was required to send a copy of the summons and complaint by certified mail, return receipt requested, to the last known address of each defendant served by publication. Although the record reveals that the required mailing was made to the other defendants, the record does not show that a summons and complaint were mailed to Whatley, nor does it contain a return receipt. Moreover, plaintiff's May 24, 1989 motion for service by publication lists the last known address of each defendant mentioned in the motion, except Whatley. On July 24, 1989, however, counsel to plaintiff Mitchell filed an informative motion attesting that a summons and complaint had been sent by certified mail, return receipt requested, to all of the defendants served by publication, including Whatley.

Waiver generally will be found if the defenses of lack of jurisdiction over the person or insufficiency of service of process are neither raised by motion under Fed.R.Civ.P. 12, nor in a responsive pleading. Fed.R.Civ.P. 12(h)(1). *Roque v. United States*, 857 F.2d 20, 21 (1st Cir.1988); *Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738 (1st Cir.1983). Colón neither raised the defense of insufficient service of process in the motion to dismiss filed in behalf of Whatley on July 10, 1989, nor in the answer filed on September 14, 1989. The failure to raise the defense in Whatley's motion to dismiss and answer represents a clear waiver under rule 12(h)(1). *Id.* Moreover, even if no motion or responsive pleading had been filed, Whatley appears to have submitted to the jurisdiction of the court through the conduct of Colón. *See Marcial Ucin, S.A. v. SS Galicia*, 723 F.2d 994, 996–97 (1st Cir.1983) ("Lack of personal jurisdiction is a privileged defense that can be waived 'by ... submission through conduct.'" (quoting *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168, 60 S.Ct. 153, 155, 84 L.Ed. 167 (1939))); *General Contracting & Trading Co. v. Interpole, Inc.*, 940 F.2d 20, 22 (1st Cir.

1991) (citing *Marcial Ucin, S.A.*); *Trustees of Central Laborers' Welfare Fund v. Lowery*, 924 F.2d 731, 732–33 (7th Cir. 1991); *Broadcast Music, Inc. v. MTS Enterprises, Inc.*, 811 F.2d 278, 281 (5th Cir. 1987). Thus, through Colón, Whatley would be deemed to have waived the defense of insufficient service of process both by conduct and by failure to raise it as required under rule 12(h)(1).

■ Whatley asserts, however, that he did not authorize Colón to represent him, that he never authorized Colón to settle the case or to consent to judgment, that codefendant Boyd Hobbs, who was also represented by Colón, arranged for Colón to represent Whatley and that Whatley therefore cannot be bound by Colón's actions or omissions in his behalf.[7] These serious allegations and the scattershot record evidence tending toward their support indicate that Whatley may be attempting to assert claims of "jurisdictional fraud," [8] *see Bradburn v. McIntosh*, 159 F.2d 925, 932 (10th Cir.1947); *Chisholm v. House*, 160 F.2d 632, 634 (10th Cir.1947), "fraud on the court",[9] *see* Fed.R.Civ.P. 60(b)(3); *Hazel–*

**7.** Whatley contends on appeal, as he did in his rule 60(b) motion, that he never authorized anyone to represent him in this case. In the *brief* supporting his rule 60(b) motion, and his brief on appeal, Whatley asserts that Colón was hired on Whatley's behalf by codefendant Hobbs, and that Hobbs managed to do this, without Whatley's knowledge, by using a fraudulently executed power of attorney. Whatley's *affidavit*, however, does not expressly state that he never granted Hobbs a power of attorney, nor that he never hired Colón, but that he consistently made those complaints to Colón and to López Romo once he found out what had transpired in the case. A copy of the "power of attorney" was included in the addendum to Whatley's appellate brief, but was not attached to his affidavit.

Whatley's affidavit attests that he remained unaware of the lawsuit until February 1990, when he received a notice of deposition. He then contacted Hobbs, who assured him that he was only a witness in the case. It was not until April 1990, when Whatley received settlement papers from Colón, that he became aware that he was a party to the lawsuit. Whatley's affidavit attests that he told Colón, in *May*, that he never authorized anyone to represent him, never granted anyone a power of attorney, never knew he was a party, and never consented to any settlement stipulation. Whatley's briefs, be-

low and on appeal, assert, however, that Whatley so advised Colón in April, rather than May.

**8.** Whatley contends that there is no evidence of sufficient service of process. Since plaintiff's informative motion of July 24 asserts that service was made, Whatley's contrary statement may imply that the court was deceived by plaintiff. Moreover, Whatley's claim that he never hired Colón, or authorized Hobbs to do so, may imply a claim of jurisdictional fraud.

**9.** Whatley never charges plaintiff with fraud, *but cf. supra* note 8, nor, strangely enough, does he come out and say that either Colón or codefendant Hobbs acted fraudulently. Whatley's allegations nevertheless may rise to the level of fraud on the court. He alleges that Hobbs misrepresented Whatley's status in the case and hired Colón without authorization. In addition, his affidavit attests that after judgment had been entered, Hobbs assured him that he would get the judgment amended or set aside.

Whatley does not imply that Colón fraudulently undertook to represent him, nor that Colón acted fraudulently in May and June. Yet Whatley's allegations run counter to Colón's representations to the district court. For instance, Colón's May 21 motion to withdraw asserts that he had been representing Whatley since the

*Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944); *see also United States v. Throckmorton*, 98 U.S. 61, 25 L.Ed. 93 (1878); *see also Aoude v. Mobil Oil Corp.*, 892 F.2d 1115 (1st Cir.1989), "mistake or surprise", *see* Fed.R.Civ.P. 60(b)(1); *but see Wheiles v. Aetna Life Ins. Co.*, 68 F.2d 99 (5th Cir.1933); *Brown v. County of Buena Vista*, 95 U.S. 157, 159–160, 24 L.Ed. 422 (1877), or unauthorized representation by counsel of record, *see Robb v. Vos*, 155 U.S. 13, 15 S.Ct. 4, 39 L.Ed. 52 (1894).[10]

On the present record, however, we can neither discern the actual legal intendment of Whatley's allegations, due to the lack of developed argumentation, nor identify sufficient findings of fact by the district court or uncontroverted evidence to enable effective appellate review, much less appellate resolution, of any phantom claim for relief lurking in the record. Nor do Whatley's disquieting allegations, flavored with uncharged fraud and misconduct, warrant undermining the final judgment rule where there exists a wide range of alternative remedies should a future claim for relief take on cognizable form and substance.

*The judgment of the district court is affirmed, with no costs to either party.*

---

beginning of the case. Moreover, the minutes of the June 25 status conference indicate that Colón told the court that Whatley previously had agreed to the settlement.

10. Were Whatley to establish, as alleged below and on appeal, that he never authorized Colón to represent him and never agreed to settle or to the entry of the consent judgment, relief may be available, barring laches. *See United States v. Beebe*, 180 U.S. 343, 352, 21 S.Ct. 371, 375, 45 L.Ed. 563 (1901) ("So, if the judgment be in fact entered upon a compromise made by the attorney who had no authority to make it, the judgment may be attacked and set aside in an equitable action upon proof of the necessary facts."). *See also Scola v. Boat Frances R., Inc.*, 546 F.2d 459, 461 (1st Cir.1976) ("a consent judgment procured by duress or fraud is open to collateral attack."); *Indian Head Nat'l Bank v.*

*Brunelle*, 689 F.2d 245, 248 (1st Cir.1982) (rule 60(b) "expressly preserves independent equitable actions"); *Carteret Savings & Loan Ass'n, F.A. v. Jackson*, 812 F.2d 36, at 39 n. 6 (1st Cir.1987) (the "essential elements" of an independent action in equity are: "(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense ...; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.") (quoting *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 79 (5th Cir.), *cert. denied*, 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970) (quoting *National Surety Co. v. State Bank*, 120 F. 593, 599 (8th Cir.1903))).