**Felice MILLER, Plaintiff,**

v.

**BATESVILLE CASKET COMPANY, Defendant.**

No. 02–CV–5612(ADS)(ARL).

United States District Court, E.D. New York.

Dec. 15, 2003.

Jerry I. Lefkowitz, Lake Success, NY, for plaintiff.

Ogeltree, Deakins, Nash, Smoak & Stewart, P.C., Indiana, IN, by Charles B. Baldwin, Jan Michelson, for defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case arises out of claims by Felice Miller ("Miller" or the "plaintiff") that her employer, the Batesville Casket Company, Inc. ("Batesville Casket" or the "defendant") discriminated against her on the basis of her sex in violation of the New York State Human Rights Law, New York Executive Law ("NYSHRL"), § 290 *et seq.* This action was commenced in Supreme Court of the State of New York, County of Nassau and subsequently removed by the defendant to the Eastern District of New York pursuant to diversity jurisdiction. Presently before the Court is the defendant's motion to transfer the venue of this action to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a).

## I. FACTS

The following facts are relevant to the issues presently before the Court. The plaintiff is domiciled and resides in the State of New York. Batesville Casket is an Indiana Corporation with its headquarters in Batesville, Indiana and is engaged in the design, manufacture, distribution, marketing and sale of burial related products. On or about February 28, 2000, Batesville Casket and the plaintiff entered into an "Employment Contract for At–Will Employee of Batesville Casket" (the "Employment Agreement") pursuant to which the plaintiff was employed, and continues to be employed, as a sales representative in the Counties of Nassau and Suffolk, State of New York. The Employment Agreement contains a forum selection clause, which provides in pertinent part that:

> [T]he parties agree that any claim of any type brought by the Representative against the Company or any of its employees or agents must be maintained only in a court sitting in Marion County, Indiana, or Ripley County, Indiana, or, if a federal court, the Southern District of Indiana, Indianapolis Division.

The Employee Agreement further provides that it

> shall be governed by, construed by, and enforced in accordance with the laws of the State of Indiana. The parties expressly agree that it is appropriate for Indiana law to apply ... (c) to any disputes arising out of the employment relationship of the parties.

On September 20, 2002, the plaintiff commenced this action in the Supreme Court of the State of New York, County of Nassau alleging discrimination on the basis of sex in

violation of the NYSHRL. The alleged acts of discrimination occurred both in New York and Indiana.

On October 22, 2002, the defendants removed this action to the Eastern District of New York on the basis of diversity jurisdiction. On November 15, 2002, the defendants filed an Answer. On May 14, 2003, the defendants filed the present motion to change the venue to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a).

The defendants argue that Miller's complaint should be transferred to Indiana because the Employment Agreement, which contains the above mentioned forum selection and choice of law provisions, mandates that his action proceed in the Southern District of Indiana under Indiana law. In opposition, the plaintiff contends that the case should remain with this Court because, among other things, the defendants waived the affirmative defense of improper venue because they failed to raise this defense in its Answer.

## II. DISCUSSION

As stated above, the plaintiff opposes the defendant's motion to transfer venue on the ground that the defendant waived its defense of improper venue because it "interposed an Answer without demanding a change in venue...." Plfs. Mem. In Opp. at 2. The Court agrees.

Rule 12(h)(1) provides that:

A defense of ... improper venue ... is waived ... (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Thus, a defendant waives this defense if he does not raise it "in [his] first defensive move, be it a Rule 12 motion or a responsive pleading." *Index Fund, Inc. v. Hagopian,* 107 F.R.D. 95, 101 (S.D.N.Y.1985) (*quoting Glater v. Eli Lilly & Co.,* 712 F.2d 735, 738 (1st Cir.1983)); *see also Hartling v. Woodloch Pines, Inc.,* No. 97 Civ. 2587, 1998 WL 575138, at * 1 (S.D.N.Y. Sept. 8, 1998). If the defendant fails to do so, "the only manner in which to salvage the defense is by an amendment made as a matter of course [pursuant to Rule 15(a)]" *Glater v. Eli Lilly & Co.,* 712 F.2d 735, 738 (1st Cir.1983).

Rule 15(a) provides:

*Amendments.* A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served.

Therefore, an objection to improper venue is waived if it is not raised in a 12(b) motion, in a responsive pleading, or in an amendment to a responsive pleading permitted as a matter of course under Rule 15(a). *See* Fed.R.Civ.P. 12(h)(1); *see also Nat'l Fire & Marine Ins. Co., v. Railroad Resource and Recovery, Inc.,* No. 93 Civ. 6379, 1994 WL 606049, at * 1 (S.D.N.Y. Nov.3, 1994). Because an answer is a pleading to which no responsive pleading is permitted, *see* Rule 7(a), Batesville Casket had until twenty days after November 15, 2003 to amend its answer as a matter of course. However, no amended answer was ever filed with the Court. Although Rule 15(a) provides that "leave [to amend pleadings] will be freely given when justice so requires," the language of Rule 12(h) indicates that "this amendment procedure is not available to raise [a Rule 12(h)(1) defense]." *Glater v. Eli Lilly & Co.,* 712 F.2d at 738.

Batesville Casket contends that its answer did, in fact, assert the defense of improper venue. In particular, the defendant argues that its first affirmative defense which states that "[s]ome or all of Miller's allegations fail to state a claim upon which relief may be granted" constitutes an objection to venue because a motion to transfer venue is properly brought as a Rule 12(b)(6) motion for failure to state a claim. Def. Reply Mem. at 3. However, while it is true that a motion pursuant to Rule 12(b)(6) is proper when a party does not comply with a forum selection clause, *Evolution Online Sys., Inc. v. Koninklijke PTT Nederland N.V.,* 145 F.3d 505, 508 n. 6 (2d Cir.1998), this defense, even if construed liberally, does

not come close to resembling a defense sounding in improper venue. In any event, the defendants would be precluded from filing such a motion because a Rule 12(b) motion must be made prior to the filing of an answer. *See id.* Next, the defendant argues that its eighth affirmative defense which states that "[the defendant] reserves the right to add any other defenses which arise in the course of discovery and until the close of discovery in this matter" enables the defendant to now raise this defense. The Court finds that the defendant was aware of the availability of this defense at the time it filed its Answer. Not only is the basis of the defendant's motion to transfer venue the forum selection clause which is present in the Employment Agreement that was signed by the plaintiff in February, 2000, but this exact clause is also contained in the defendant's employment agreements with its "sales representatives throughout the United States," Def. Mem. of Law at 13, *But see, e.g., Holzsager v. Valley Hosp.,* 646 F.2d 792, 796 (2d Cir.1981) (rejecting a claim of waiver under Rule 12(h)(1) and stating that "a party cannot be deemed to have waived objections or objections or defenses which were not known to be available at the time they could first have been made.")

■ Although "[i]n determining whether general, non-specific language, in the defendant's answer suffices to preserve an affirmative defense, an inquiring court must examine the totality of the circumstances and make a practical, commonsense assessment about Rule 8(c)'s core purpose—— to act as a safeguard against surprise and unfair prejudice[-] has been vindicated," *LPR, SRL v. Challenger Overseas,* No. 99 Civ. 8883, 2000 WL 973748, at *6 (S.D.N.Y. July 13, 2000) (citations omitted), the Court finds that none of the defendant's affirmative defenses, and in particular the first and eighth defenses, serve to put the plaintiff on notice of the defendant's intention to object to venue. Accordingly, because Batesville Casket made no objection to venue in its answer and the time to amend the answer as a matter of course has passed, the defendant waived its right to object on the ground that venue is improper.

## III.  CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED**, that the defendant's motion for a change of venue is **DENIED**.

**SO ORDERED.**