FAIR, J., FOR
THE COURT:
¶ 1. In late 2013, Teiawan Cox filed a personal injury lawsuit against SMG and the Capital City Convention Center Com *1247 mission, alleging that she was injured as a result of an unsafe' condition at the Jackson Convention Center Complex. Cox did not have process issued for any of the named defendants, and the case sat on the docket for more than a year and a half before Cox filed a motion for an extension of time to serve process. On July 24, 2015, she filed an amended complaint and had process issued for SMG and the Convention Center, who were apparently then served. SMG and the Convention Center filed answers on September 3, 2015, that did not assert deficiency of service of process as a defense. On October 30, 2015, they filed motions to amend their answers to raise that defense.
¶2. The trial court ultimately entered an order denying the motion for an extension of time to serve process. It further found the motions to amend the answers moot, and the same day also entered a final judgment dismissing the case without prejudice for insufficiency of process. On appeal, Cox contends that SMG and the Convention Center waived the defense of insufficiency of process by failing to assert it in their answer. We agree, and we reverse the dismissal and remand the case for further proceedings consistent with this opinion.
DISCUSSION
¶ 3. The question of the sufficiency of the process is not at issue on appeal, nor whether the trial court should have granted an extension of time to serve process. The only issue raised by Cox is whether the defense of insufficiency of process was waived.
¶ 4. Mississippi Rule of Civil Procedure 12(h)(1) provides that a defense of insufficiency of process is waived if it is not raised in a pre-answer motion or in the answer. Mississippi courts “have consistently held that failure to assert the defense in an answer, motion, or other pre-responsive pleading is a waiver that will be enforced.” U.S. Bancorp v. McMullan, 183 So.3d 833, 836 (¶ 10) (Miss. 2016) (citation omitted).
¶ 5. Burleson v. Lathem, 968 So.2d 930, 935-36 (¶¶ 14-15) (Miss. 2007), is almost exactly on point. There, the service of the Summons was untimely, as it was in our case. The defendant did not raise the defense of insufficiency of process in its answer, and the Mississippi Supreme Court found the defense to have been waived. See id.
¶6. SMG and the Convention Center attempt to distinguish this case from Burleson by the fact that, unlike the defendant there, they filed motions to amend their answers to include the defense. These motions were filed outside the thirty days allowed for amendment as a matter of course under Mississippi Rule of Civil Procedure 15(a), so SMG and the Convention Center requested leave of the court to amend the answers, as the Mississippi Supreme Court 'has held to be potentially allowed under Rule 15(a). But the trial court never granted those motions, apparently finding them to be moot.
¶7. On appeal SMG and the-Convention Center suggest that we should nonetheless affirm the trial court here because it “likely would have granted the motion” had it recognized it as a predicate to dismissal, instead of denying it as moot. We agree that the motions were not moot, but we cannot, as they urge, affirm the trial court because the motions “likely” would have been granted.
¶ 8. First of all, the law governing the motions is not so clear as SMG and the Convention Center suggest. It is true that our supreme court has, at least twice, stated that the issue of untimely/insufficient service of process may be raised in an amended answer filed with leave of court *1248 under Rule 15. Rains v. Gardner, 731 So.2d 1192, 1197 (¶ 17) (Miss. 1999); accord Burleson, 968 So.2d at 934-36 (¶¶ 12 & 14). While we (and the trial court) are bound to follow that precedent, it does not appear to be consistent with the text of the rules or the holdings of other courts. Rule 12(h)(1) provides that the defense of insufficiency of process “is waived” if it is not asserted in a party’s answer “or an amendment thereof permitted by Rule 15(a) to be made as a matter of course,” The rule’s advisory committee note similarly states that a party “must raise”’insufficient service of process and other enumerated defenses “in the answer or an amended answer made as a matter of course pursuant to Rule 15(a) to avoid waiver of such defenses.” [1] As we read its text, Rule 12(h)(1) permits a party to assert these specified defenses in an amended answer only if the amended answer is one permitted as a matter of course under Rule 15(a), and not if leave of court is required. That appears to be the prevailing interpretation of the parallel federal rule. See Glater v. Eli Lilly & Co., 712 F.2d 735, 738 (1st Cir. 1983); Morgan Guar. Tr. Co. of N.Y. v. Blum, 649 F.2d 342, 345 (5th Cir. 1981); Konigsberg v. State, 435 F.2d 551, 552 (3d Cir. 1970); Miller v. Batesville Casket Co., 219 F.R.D. 56 (E.D.N.Y. 2003); 5C Wright & Miller, Federal Practice and Procedure § 1391 (2004).
¶ 9. Moreover, even if it is permissible to grant leave to amend, it should be “freely given”—but only “when justice so requires.” M.R.C.P. 15(a). “[Ljiberality in permitting amendments is not allowed to encourage delay, laches and negligence.” Natural Mother v. Paternal Aunt, 583 So.2d 614, 617 (Miss. 1991) (citation omitted). Appellate courts have- “consistently affirmed ... denial . of an amendment where the party requesting the amendment has not exercised due diligence,” Id.
¶ 10. Whether to grant leave to amend a pleading is entrusted to the sound’ discretion of the trial court. Id. at 616-17. We cannot say‘that discretion could only have been exercised to grant the motion for leave to amend.
¶ 11. SMG and the Convention Center also seem to contend that, although they may have waived the defense of insufficiency of process, the trial court could still dismiss the action on its own initiative pursuant to Mississippi Rule of Civil Procedure 4(h). Rule 4(h) could indeed be read to permit or even require a court to dismiss an untimely served complaint even if the defendant has already waived the defense, though SMG and the Convention Center present no authority to that effect, and the authorities of which we are aware do not support it. Construing the parallel federal rule,[2] the Second Circuit held that Rule 4 and Rule 12(h) concerning waiver of defenses must be read together, and therefore Rule 4’s “provision that the court may dismiss for untimely service on its own motion does not mean that the court may revive a service-of-process defense that the defendant has waived.” Santos v. State Farm Fire & Cas. Co., 902 F.2d 1092, 1096 (2d Cir. 1990). Other federal courts of appeals have reached the same conclusion. See O’Brien v. R.J. O’Brien & Assocs., 998 F.2d 1394, 1399 (7th Cir. 1993); Pusey v. Dallas Corp., 938 F.2d 498, 501 (4th Cir. *1249 1991); Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). The Third Circuit reasoned that Rule 4’s “mandatory language”—requiring a court to dismiss an action if the plaintiff, without good cause, fails to serve process within 120 days—“is applicable until” the defendant waives the defense pursuant to Rule 12(h), and Rule 12(h), regarding waiver of defenses, “governs thereafter.” McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 195 (3d Cir. 1998); accord Kersh v. Derozier, 851 F.2d 1509, 1511-12 (5th Cir. 1988). This is a persuasive interpretation because, otherwise, a court could be required to dismiss a case even if the issue of untimely service is first noticed or raised after years of litigation on the merits.
¶ 12. Accordingly, we reverse the trial court’s order dismissing SMG and the Convention Center, and we remand this ease for further proceedings consistent with this opinion.
¶ 13. REVERSED AND REMANDED.
BARNES, ISHEE, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J., GRIFFIS, P.J., AND CARLTON, J.

. The advisory committee "notes, while not official comments of the Supreme Court, are the product of extensive research and review and have been vetted by the members of the [Supreme Court Rules Advisory] Committee ,as well.as other trial judges and practicing members of the bar," Order Adopting the Mississippi Rules of Civil Procedure Advisory Committee Notes, No. 89.-R-99001-SCT (Miss. June 9, 2014).

. Prior to 1993, the parallel federal provision was Federal Rule of Civil Procedure 4(j). In 1993, it was moved to Rule 4(rp).