# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CA-00117-SCT

*MS COMP CHOICE, SIF*

*v.*

*CLARK, SCOTT & STREETMAN*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/28/2006 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOEL W. HOWELL, III |
| ATTORNEYS FOR APPELLEE: | DAVID W. MOCKBEE |
| | DAVID BRICE DENISON |
| NATURE OF THE CASE: | CIVIL - LEGAL MALPRACTICE |
| DISPOSITION: | REVERSED AND REMANDED - 05/08/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DIAZ, P.J., EASLEY AND GRAVES, JJ.**

**DIAZ, PRESIDING JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1.    This case arises from a legal malpractice suit filed by an insurance company's third-party administrator against a law firm that defended the insurance company in a workers' compensation case.  The original complaint, in which the third-party administrator was named as the party plaintiff, was never served on the law firm.  Instead, an amended complaint was filed and served on the law firm; the amended complaint substituted the insurance company as the party plaintiff.  The insurance company claims that it was

substituted as the party plaintiff because it was assigned the legal-malpractice claims of the third-party administrator. The trial court ruled that the amendments did not relate back to the date of the original complaint based on its determination that the claims asserted in the amended complaint were those of the insurance company, not the third-party administrator; consequently, it held that the claims asserted in the amended complaint were barred by the statute of limitations and dismissed the complaint with prejudice. The insurance company appeals the trial court's dismissal of its complaint.

## FACTS AND PROCEEDINGS BELOW

¶2. On February 17, 2000, Elie Grinstead sustained injuries in a logging accident. He filed a petition to controvert with the Mississippi Workers' Compensation Commission against his employer, Monticello Forest Products Corp., and its insurance carrier, Mississippi Comp Choice, SIF[1] (self-insured fund) (Comp Choice). Safety Risk Services, Inc. (Safety Risk), Comp Choice's third-party administrator, retained the law firm of Clark, Scott & Streetman, P.A. (the Clark firm) to defend Grinstead's suit.

¶3. On August 20, 2001, the administrative law judge (ALJ) rendered a decision, finding that Grinstead was entitled to benefits. The Clark firm appealed the ALJ's decision to the full Commission. The Commission affirmed the decision of the ALJ on April 2, 2002. The Clark firm then appealed the decision of the Commission to the Circuit Court of Lawrence

---

[1]At the time, the company was called Mississippi Forest Related Workers' Compensation Group. In 2002 the name of the corporation was changed to Mississippi Comp Choice, SIF, "to reflect the nature of the business of those involved in the pool."

2

County. On September 18, 2002, the circuit court affirmed the decision of the Commission. An appeal of the circuit court's decision was never taken.

¶4. According to Comp Choice and Safety Risk, the Clark firm was directed to appeal the decision of the circuit court, but failed to do so. Subsequently, Grinstead filed suit against Comp Choice and his employer for bad faith denial of his workers' compensation claim.[2] On November 11, 2002, the Clark firm faxed a standard release form to Comp Choice for its review in connection with the Grinstead workers' compensation case. Comp Choice and Safety Risk also claim that the Clark firm failed to timely notify them about the amount of benefits owed to Grinstead. In September 2003, Comp Choice and Safety Risk discharged the Clark firm as counsel.

¶5. On September 14, 2005, Safety Risk filed suit against the Clark firm. The complaint asserted claims of legal malpractice, breach of contract and breach of fiduciary duty against the Clark firm for not appealing the decision of the circuit court in the Grinstead case. Safety Risk never served the complaint upon the Clark firm. Instead, Comp Choice filed an amended complaint on January 9, 2006, substituting itself as the party plaintiff in the place of Safety Risk. The amended complaint asserted the same claims against the Clark firm as the original complaint. In fact, the only amendments made were the substitution of Comp Choice's name for Safety Risk's in the complaint's caption and the addition of the following paragraph:

---

[2]Joey Giordano of Comp Choice was served with the complaint in this action on November 8, 2002. Grinstead and Comp Choice eventually reached an out-of-court settlement on all of his claims.

3

Plaintiff MS Comp Choice, SIF is a self insurer under the applicable laws of the State of Mississippi and an assignee of any and all interest of Elie W. Grinstead and Francine Grinstead against MS Comp Choice, SIF, Safety Risk Services, Inc., Monticello Forests Products, Inc., Evans Giordano, Inc., and those in privity with them and Safety Risk Services, Inc.

¶6.     According to Comp Choice, it was assigned Safety Risk's claims against the Clark firm and replaced Safety Risk as the party plaintiff in the amended complaint because it had become the real party in interest as a result of the assignment, pursuant to Mississippi Rule of Civil Procedure 17(a).[3]

¶7.     On January 10, 2006, Comp Choice served the amended complaint on the Clark firm.[4] According to the Clark firm, until this point in time, it had not been put on notice of a claim arising out of its representation of Comp Choice in the Grinstead case. The Clark firm filed a motion to dismiss on February 9, 2006, arguing, among other things, that the amended complaint was a new and original complaint asserting claims that were barred by the three-year statute of limitations, Mississippi Code Section 15-1-49 (Rev. 2003).

¶8.     The Hinds County Circuit Court treated the Clark firm's motion to dismiss as a motion for summary judgment because it required the court to consider evidence outside the pleadings. The court ruled that the amended complaint asserted new causes of action, and thus the amendments did not relate back to the date of the original pleading. Miss. R. Civ.

---

[3] Comp Choice claims that it became "the real party in interest by virtue of an assignment from the original plaintiff, Safety Risk Services, Inc., as well as from an assignment of the cause of action of workers' compensation plaintiff in his bad faith action against Safety Risk and Comp Choice."

[4]The amended complaint was served 118 days after the original complaint was filed; thus, it was served within the 120-day time period prescribed by Mississippi Rule of Civil Procedure 4(h).

P. 15 (c). In addition to holding that the amended complaint filed by Comp Choice "was in effect a new complaint[,]" the court also held, in the alternative, that because the amended complaint was "filed without the original complaint having been served . . . ,[it] [was] not effective as an amendment to the original complaint." The court then ruled that the new claims asserted by Comp Choice in the amended complaint were barred by the statute of limitations. Accordingly, the court granted the Clark firm's motion for summary judgment and dismissed Comp Choice's complaint with prejudice. The court requested that the Clark firm's counsel "submit 1) a proposed opinion/order and 2) a separate Summary Judgment dismissing with prejudice the subject action." The Clark firm's counsel complied with this request, and the court adopted the memorandum opinion and order as well as the separate summary judgment order dismissing the case with prejudice prepared by the Clark firm's counsel.

¶9. Aggrieved by the trial court's decision, Comp Choice appealed, raising four assignments of error: (1) the trial court erred in ruling that an amended complaint is invalid unless the original complaint has been served on the defendant; (2) the trial court erred in ruling that the amended complaint asserted new causes of action that were barred by the statute of limitations; (3) the trial court erred in determining that Comp Choice's claim against the Clark firm for failing to inform it about Grinstead's benefits was barred by the statute of limitations; and (4) the trial court erred in converting the Clark firm's motion to dismiss to a motion for summary judgment without allowing Comp Choice to conduct discovery.

**DISCUSSION**

5

**Standard of Review**

¶10.    Under Rule 56(c) of the Mississippi Rules of Civil Procedure, summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Miss. R. Civ. P. 56(c).  This Court reviews a trial court's grant of summary judgment de novo.[5]  *O'Neal Steel, Inc. v. Millette*, 797 So. 2d 869, 872 (¶8) (Miss. 2001) (citations omitted).  This Court must view the evidence in the light most favorable to the non-movant.  *Noxubee County Sch. Dist. v. United Nat'l Ins. Co.*, 883 So. 2d 1159, 1163 (¶6) (Miss. 2004) (citations omitted).  "If reasonable minds can differ on a material fact, summary judgment is improper."  *Presswood v. Cook*, 658 So. 2d 859, 862 (Miss. 1995) (citation omitted).

**I. Did the trial court err in ruling that a plaintiff cannot amend his complaint unless it has been served on the defendant?**

¶11.    The Clark firm contends that the amended complaint cannot relate back to the date of the original complaint under Rule 15(c) of the Mississippi Rules of Civil Procedure because the original complaint was never served.  The Clark firm argues that, under Rule 15(a), service of the original complaint is a prerequisite for the filing of an amended complaint. In other words, Rule 15 is inapplicable when an initial complaint has not been served.  In

---

[5]Comp Choice contends that the trial court's adoption of the Clark firm's memorandum opinion and order requires this Court to review the trial court's grant of summary judgment under the strictest standard of review.  The de novo standard of review is the strictest standard of review.  Accordingly, this issue is moot.

6

response, Comp Choice claims that Rule 15(a) does not require that the original complaint be served before it can be amended.

¶12. Mississippi Rule of Civil Procedure 15(a) provides that "[a] party may amend a pleading as a matter of course at any time before a responsive pleading is served[.]" Miss. R. Civ. P. 15(a). Rule 15(a) does not require that a pleading be served before it may be amended; rather, it allows a plaintiff to amend his complaint "at any time before a responsive pleading is served." *Id.*

¶13. This Court routinely looks to federal case law for guidance in construing the Mississippi Rules of Civil Procedure because they were patterned after the Federal Rules of Civil Procedure. *E.g.*, **Penn. Nat'l Gaming, Inc. v. Ratliff**, 954 So. 2d 427, 432 (¶11) (Miss. 2007); **White v. Stewman**, 932 So. 2d 27, 39 (¶34) (Miss. 2006). The two federal courts that have confronted this issue have held that a plaintiff is allowed to amend the original complaint before it has been served. *See* **Wright v. Newsome**, 795 F.2d 964, 967 (11th Cir. 1986); **Ahmad v. Indep. Order of Foresters**, 81 F.R.D. 722, 726 (E.D. Pa. 1979), *aff'd*, 707 F.2d 1399 (3rd Cir. 1983). In **Ahmad**, the district court held that Federal Rule of Civil Procedure 15(a) "contains no requirement that the original pleading have been served before an amendment as of right." *Id.*, 81 F.R.D. at 726. Similarly, the Eleventh Circuit Court of Appeals held in **Wright** that the trial court abused its discretion by not allowing a plaintiff to amend his complaint, even though the defendants had not been served with the original complaint. *Id.*, 795 F.2d at 967.

¶14. The only state appellate court to have considered the question likewise held that a plaintiff is allowed to amend the complaint without having first served it on the defendant.

*Beneficial Hawaii, Inc. v. Casey*, 45 P.3d 359, 367 (Haw. 2002). In *Casey*, the Supreme Court of Hawaii rejected the defendant's argument that Rule 15(a)[6] "mandates that [the plaintiff] could amend its original complaint *only if* it served the [defendants] with the original complaint." *Id.* (emphasis in original). The court declared that "there is no such requirement in . . . Rule 15(a)." *Id.* Further, the court stated that "for the purposes of . . . Rule 15(a), the only relevant fact is that the [defendants] had not served a responsive pleading before [the plaintiff's] amendment; it is immaterial that the [defendants] could not have done so." *Id.*

¶15. Based on the foregoing, we hold that Mississippi Rule of Civil Procedure 15(a) allows a plaintiff to amend his complaint without having first served the complaint on the defendant. Therefore, the trial court erred in ruling that Comp Choice's amended complaint was invalid.

**II. Did the trial court err in holding that Comp Choice's amended complaint asserted new causes of action that were barred by the statute of limitations?**

¶16. The Clark firm argues that, under Rule 15(c), the amended complaint filed by Comp Choice cannot relate back to the date the original complaint was filed because "it asserts a new cause of action for a new party." It contends that the latest date the statute of limitations could have begun to run on Comp Choice's cause of action for legal malpractice was November 11, 2002, when it sent correspondence to Comp Choice regarding the final payment and release of Grinstead's claim. Because a claim for legal malpractice must be

---

[6]Rule 15(a) of the Hawaii Rules of Civil Procedure is substantially similar to Rule 15(a) of the Mississippi Rules of Civil Procedure: "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." Haw. R. Civ. P. 15(a).

8

brought within three years, the Clark firm asserts that the statute of limitations expired on November 11, 2005, and thus the claims Comp Choice asserted in the amended complaint filed on January 9, 2006, were time-barred. *See* Miss. Code Ann. § 15-1-49 (Rev. 2003).

¶17. Comp Choice responds by arguing that the amended complaint did not assert new claims, but merely substituted Comp Choice as the party plaintiff after it became the real party in interest by virtue of Safety Risk's assignment. Because the complaint was amended merely to replace the original plaintiff with the real party in interest, Comp Choice maintains that the amendments relate back to the date of the original complaint pursuant to Rules 15(c) and 17(a) of the Mississippi Rules of Civil Procedure.

¶18. The Clark firm disputes Comp Choice's assertion that it is the assignee of Safety Risk's claims against the Clark firm; it argues that Comp Choice attempted to assert its own claims, not Safety Risk's claims, in the amended complaint. Comp Choice claims that the amended complaint states that it is the assignee of Safety Risk's claims against the Clark firm. It points to the first paragraph of the amended complaint, which states, in pertinent part: "Plaintiff MS Comp Choice , SIF is . . . an assignee of any and all interest of Elie W. Grinstead and Francine Grinstead against MS Comp Choice, SIF, Safety Risk Services, Inc., Monticello Forest Products, Inc., Evans/Giordano, Inc., and those in privity with them and Safety Risk Services, Inc." According to Comp Choice, the second "Safety Risk Services, Inc." in the above-quoted paragraph is the object of the preposition "of," which follows the word "assignee." Thus, if the intervening words are omitted, the paragraph states that "Comp Choice . . . is . . . an assignee of . . . Safety Risk Services, Inc."

9

¶19.    Rule 15(c) provides in relevant part: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."  Miss. R. Civ. P. 15(c).  An amended complaint which adds a defendant against whom a claim is asserted relates back to the date of the original complaint under Rule 15(c) when certain requirements are met.    In addition to the above-quoted provision being satisfied, two other requirements must be met:

> [T]he party to be brought in by amendment:
>
> (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining the party's defense on the merits, and
>
> (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Miss. R. Civ. P. 15(c).  Rule 15(c), however, does not set forth any requirements for an amended complaint that changes plaintiffs to relate back.  Because this Court looks to federal case law for guidance in construing the Mississippi Rules of Civil Procedure, a survey of federal case law construing Federal Rule of Civil Procedure 15(c) is in order.  *See, e.g.*, *Ratliff*, 954 So. 2d at 432.

¶20.    The Advisory Committee Note to the 1966 amendment of the federal rule states in pertinent part:

> The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs.

10

Notes of Advisory Committee, Fed. R. Civ. P. 15(c) (1966 amendments).  Federal courts have held that "an amendment substituting a new plaintiff . . . relate[s] back if the added plaintiff is the real party in interest." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1501 at 155 (2d ed. 1987). *See, e.g.*, ***Raynor Bros. v. Am. Cyanimid Co.***, 695 F.2d 382, 384-85 (9th Cir. 1982); ***Tidewater Marine Towing, Inc. v. Dow Chem. Co.***, 689 F.2d 1251, 1254 (5th Cir. 1982); ***Staren v. Am. Nat'l Bank & Trust Co.***, 529 F.2d 1257, 1263 (7th Cir. 1976); ***Metro. Paving Co. v. Int'l Union of Operating Engineers***, 439 F.2d 300, 306 (10th Cir. 1971); ***Crowder v. Gordons Transports, Inc.***, 387 F.2d 413, 416 (8th Cir. 1967); ***Link Aviation, Inc. v. Downs***, 325 F.2d 613, 615 (D.C. Cir. 1963)**.**

¶21.    As stated by one court, the rationale for this holding is as follows:

> The emphasis is to be placed on the determination of whether the amended complaint arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading. The substitution of such parties after the applicable statute of limitations may have run is not significant when the change is merely formal and in no way alters the known facts and issues on which the action is based. . . . [N]ew parties may be added (or substituted) in an action when the new and old parties have such an identity of interest that it can be assumed, or proved, that relation back is not prejudicial.

***Staren***, 529 F.2d at 1263 (internal quotation marks and citations omitted).

¶22.    Based on our review of the federal case law on this issue, we hold that an amendment substituting a plaintiff relates back to the date of the original complaint under Mississippi Rule of Civil Procedure 15(c) if the new plaintiff is the real party in interest.  Having established that, we must now determine whether Comp Choice adequately alleged in the

amended complaint that it was the assignee of Safety Risk's claims against the Clark firm and thus the real party in interest.

¶23. "Under Rule 8 of the Mississippi Rules of Civil Procedure, it is only necessary that the pleadings provide sufficient notice to the defendant of the claims and grounds upon which relief which is sought." *Dynasteel Corp. v. Aztec Indus., Inc.*, 611 So. 2d 977, 984 (Miss. 1992). Although the amended complaint does not expressly state that Safety Risk assigned the claims it asserted against the Clark firm in the original complaint to Comp Choice, it does state that Comp Choice is an assignee of Safety Risk. Otherwise, the second mention of "Safety Risk Services, Inc." in the first paragraph of the amended complaint is redundant.[7] This statement can only be interpreted to mean that Safety Risk assigned its claims against the Clark firm to Comp Choice. Accordingly, we find that Comp Choice provided sufficient notice in the amended complaint to the Clark firm that it was asserting the claims of Safety Risk as an assignee of those claims and not asserting new claims.

¶24. In order to withstand summary judgment, "the party opposing the motion must by affidavit or otherwise set forth specific facts showing that there are indeed genuine issues for trial." *Travis v. Stewart*, 680 So. 2d 214, 217 (Miss. 1996) (quoting *Fruchter v. Lynch Oil Co.*, 522 So. 2d 195, 198-99 (Miss. 1988)). The party opposing the motion "may not rely upon the mere unsworn allegation[s] in his pleadings." *Magee v. Transcon. Gas Pipe Line Corp.*, 551 So. 2d 182, 186 (Miss. 1989). "[T]he question of the running of the statute of

---

[7]The amended complaint also states that the "plaintiff has sustained actual damages for prosecution and defense of the Grinstead case as well as the purchase and *assignment*." (Emphasis added).

12

limitations to bar an action may also be the subject of a summary judgment if there exists [sic] no genuine issues of material fact concerning the question." *Smith v. Sanders*, 485 So. 2d 1051, 1053 (Miss. 1986).

¶25.    In response to the Clark firm's motion to dismiss, Comp Choice submitted the affidavit of Guy Evans.  Evans stated in the affidavit that "[a]fter the litigation was concluded, all claims of Safety Risk Services, Inc. and Elie Grinstead and his wife were assigned to Mississippi Comp Choice SIF."  Viewing this evidence in the light most favorable to Comp Choice, we find that Comp Choice has brought forth sworn testimony demonstrating that there is a genuine issue as to whether Safety Risk assigned its claims to Comp Choice and whether Comp Choice is asserting those assigned claims as the substituted party plaintiff in the amended complaint.

¶26.    The Clark firm argues that "Comp Choice, apparently realizing that it is barred, [is] attempt[ing] to re-define itself as an assignee of the rights of Safety Risk."  "Issues of fact sufficient to require a denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite." *Aetna Cas. & Sur. Co. v. Berry*, 669 So. 2d 56, 70 (Miss. 1996) (citation omitted).  Accordingly, we hold that the trial court erred in finding that there was no genuine issue of fact as to whether the claims asserted in the amended complaint by Comp Choice were separate claims barred by the statute of limitations.

**III. Did the trial court err in ruling that Comp Choice's claim against the Clark firm for failing to inform it about Grinstead's benefits was barred by the statute of limitations?**

¶27. Comp Choice argues that the claims asserted in the amended complaint "are directed toward more than a single event." According to Comp Choice, the claims relate both to the Clark firm's failure to appeal the circuit court's judgment and its "fail[ure] to provide timely notice to Comp Choice of Mr. Grinstead's medical needs and bills, up to the time of discharge of the defendant law firm in September of 2003." Comp Choice contends that the statute of limitations did not begin to run on this claim until September 2003. Thus, it argues that when it filed the amended complaint on January 9, 2006, the statute of limitations had not run on this claim. Therefore, it contends, the trial court erred in granting summary judgment to the Clark firm and dismissing the entire complaint with prejudice. The Clark firm simply argues that this allegation about its failure to notify Comp Choice regarding the benefits owed to Grinstead was not contained in the complaint or the amended complaint. Accordingly, the Clark firm contends that "[a]ny attempt by Comp Choice to now re-plead their claim for malpractice to extend beyond the alleged failure to appeal is disingenuous and should be rejected."

¶28. The trial court never addressed this argument and did not rule that this ground for relief was not asserted in the complaint. Because the trial court did not rule on this issue, we will not address it.

**IV. Did the trial court err in converting the Clark firm's motion to dismiss to a motion for summary judgment without allowing Comp Choice to conduct discovery?**

¶29. Because we are reversing and remanding, we will not address this issue.

### CONCLUSION

¶30.    We reverse the trial court's grant of summary judgment to the Clark firm on Comp

Choice's claim against the Clark firm for its alleged failure to appeal the circuit court's

decision and remand this case for further proceedings consistent with this opinion.

¶31.    **REVERSED AND REMANDED.**

       **SMITH, C.J., WALLER, P.J., EASLEY, CARLSON, GRAVES, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR.**