# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00200-COA

**TEIAWAN COX**                                                                         **APPELLANT**

**v.**

**SMG AND CAPITAL CITY CONVENTION**                                       **APPELLEES**
**CENTER COMMISSION D/B/A JACKSON**
**CONVENTION CENTER COMPLEX**

DATE OF JUDGMENT:              01/27/2016
TRIAL JUDGE:                        HON. JEFF WEILL SR.
COURT FROM WHICH APPEALED:   HINDS COUNTY CIRCUIT COURT,
                                       FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:      JAWANZA KOBIE WATSON
ATTORNEY FOR APPELLEES:      MICHAEL D. SIMMONS
NATURE OF THE CASE:           CIVIL - PERSONAL INJURY
DISPOSITION:                    REVERSED AND REMANDED: 09/05/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**FAIR, J., FOR THE COURT:**

¶1.     In late 2013, Teiawan Cox filed a personal injury lawsuit against SMG and the Capital City Convention Center Commission, alleging that she was injured as a result of an unsafe condition at the Jackson Convention Center Complex. Cox did not have process issued for any of the named defendants, and the case sat on the docket for more than a year and a half before Cox filed a motion for an extension of time to serve process. On July 24, 2015, she filed an amended complaint and had process issued for SMG and the Convention Center, who were apparently then served. SMG and the Convention Center filed answers on September 3, 2015, that did not assert deficiency of service of process as a defense. On

October 30, 2015, they filed motions to amend their answers to raise that defense.

¶2. The trial court ultimately entered an order denying the motion for an extension of time to serve process. It further found the motions to amend the answers moot, and the same day also entered a final judgment dismissing the case without prejudice for insufficiency of process. On appeal, Cox contends that SMG and the Convention Center waived the defense of insufficiency of process by failing to assert it in their answer. We agree, and we reverse the dismissal and remand the case for further proceedings consistent with this opinion.

## DISCUSSION

¶3. The question of the sufficiency of the process is not at issue on appeal, nor whether the trial court should have granted an extension of time to serve process. The only issue raised by Cox is whether the defense of insufficiency of process was waived.

¶4. Mississippi Rule of Civil Procedure 12(h)(1) provides that a defense of insufficiency of process is waived if it is not raised in a pre-answer motion or in the answer. Mississippi courts "have consistently held that failure to assert the defense in an answer, motion, or other pre-responsive pleading is a waiver that will be enforced." *U.S. Bancorp v. McMullan*, 183 So. 3d 833, 836 (¶10) (Miss. 2016) (citation omitted).

¶5. *Burleson v. Lathem*, 968 So. 2d 930, 935-36 (¶¶14-15) (Miss. 2007), is almost exactly on point. There, the service of the summons was untimely, as it was in our case. The defendant did not raise the defense of insufficiency of process in its answer, and the Mississippi Supreme Court found the defense to have been waived. *See id.*

2

¶6. SMG and the Convention Center attempt to distinguish this case from *Burleson* by the fact that, unlike the defendant there, they filed motions to amend their answers to include the defense. These motions were filed outside the thirty days allowed for amendment as a matter of course under Mississippi Rule of Civil Procedure 15(a), so SMG and the Convention Center requested leave of the court to amend the answers, as the Mississippi Supreme Court has held to be potentially allowed under Rule 15(a). But the trial court never granted those motions, apparently finding them to be moot.

¶7. On appeal SMG and the Convention Center suggest that we should nonetheless affirm the trial court here because it "likely would have granted the motion" had it recognized it as a predicate to dismissal, instead of denying it as moot. We agree that the motions were not moot, but we cannot, as they urge, affirm the trial court because the motions "likely" would have been granted.

¶8. First of all, the law governing the motions is not so clear as SMG and the Convention Center suggest. It is true that our supreme court has, at least twice, stated that the issue of untimely/insufficient service of process may be raised in an amended answer filed with leave of court under Rule 15. *Rains v. Gardner*, 731 So. 2d 1192, 1197 (¶17) (Miss. 1999); *accord Burleson*, 968 So. 2d at 934-36 (¶¶12 & 14). While we (and the trial court) are bound to follow that precedent, it does not appear to be consistent with the text of the rules or the holdings of other courts. Rule 12(h)(1) provides that the defense of insufficiency of process "is waived" if it is not asserted in a party's answer "or an amendment thereof permitted by

3

Rule 15(a) to be made as a matter of course." The rule's advisory committee note similarly states that a party "must raise" insufficient service of process and other enumerated defenses "in the answer or an amended answer made as a matter of course pursuant to Rule 15(a) to avoid waiver of such defenses."[1] As we read its text, Rule 12(h)(1) permits a party to assert these specified defenses in an amended answer only if the amended answer is one permitted as a matter of course under Rule 15(a), and not if leave of court is required. That appears to be the prevailing interpretation of the parallel federal rule. *See Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738 (1st Cir. 1983); *Morgan Guar. Tr. Co. of N.Y. v. Blum*, 649 F.2d 342, 345 (5th Cir. 1981); *Konigsberg v. Shute*, 435 F.2d 551, 552 (3d Cir. 1970); *Miller v. Batesville Casket Co.*, 219 F.R.D. 56 (E.D.N.Y. 2003); 5C Wright & Miller, *Federal Practice and Procedure* § 1391 (2004).

¶9. Moreover, even if it is permissible to grant leave to amend, it should be "freely given" – but only "when justice so requires." M.R.C.P. 15(a). "[L]iberality in permitting amendments is not allowed to encourage delay, laches and negligence." *Natural Mother v. Paternal Aunt*, 583 So. 2d 614, 617 (Miss. 1991) (citation omitted). Appellate courts have "consistently affirmed . . . denial of an amendment where the party requesting the amendment has not exercised due diligence." *Id.*

---

[1] The advisory committee "notes, while not official comments of the Supreme Court, are the product of extensive research and review and have been vetted by the members of the [Supreme Court Rules Advisory] Committee as well as other trial judges and practicing members of the bar." *Order Adopting the Mississippi Rules of Civil Procedure Advisory Committee Notes*, No. 89-R-99001-SCT (Miss. June 9, 2014).

¶10. Whether to grant leave to amend a pleading is entrusted to the sound discretion of the trial court. *Id.* at 616-17. We cannot say that discretion could only have been exercised to grant the motion for leave to amend.

¶11. SMG and the Convention Center also seem to contend that, although they may have waived the defense of insufficiency of process, the trial court could still dismiss the action on its own initiative pursuant to Mississippi Rule of Civil Procedure 4(h). Rule 4(h) could indeed be read to permit or even require a court to dismiss an untimely served complaint even if the defendant has already waived the defense, though SMG and the Convention Center present no authority to that effect, and the authorities of which we are aware do not support it. Construing the parallel federal rule,[2] the Second Circuit held that Rule 4 and Rule 12(h) concerning waiver of defenses must be read together, and therefore Rule 4's "provision that the court may dismiss for untimely service on its own motion does not mean that the court may revive a service-of-process defense that the defendant has waived." *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1096 (2d Cir. 1990). Other federal courts of appeals have reached the same conclusion. *See O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1399 (7th Cir. 1993); *Pusey v. Dallas Corp.*, 938 F.2d 498, 501 (4th Cir. 1991); *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). The Third Circuit reasoned that Rule 4's "mandatory language" – requiring a court to dismiss an action if the plaintiff,

---

[2] Prior to 1993, the parallel federal provision was Federal Rule of Civil Procedure 4(j). In 1993, it was moved to Rule 4(m).

without good cause, fails to serve process within 120 days – "is applicable until" the defendant waives the defense pursuant to Rule 12(h), and Rule 12(h), regarding waiver of defenses, "governs thereafter." *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 195 (3d Cir. 1998); *accord Kersh v. Derozier*, 851 F.2d 1509, 1511-12 (5th Cir. 1988). This is a persuasive interpretation because, otherwise, a court could be required to dismiss a case even if the issue of untimely service is first noticed or raised after years of litigation on the merits.

¶12. Accordingly, we reverse the trial court's order dismissing SMG and the Convention Center, and we remand this case for further proceedings consistent with this opinion.

¶13. **REVERSED AND REMANDED.**

**BARNES, ISHEE, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J., GRIFFIS, P.J., AND CARLTON, J.**

**IRVING, P.J., DISSENTING:**

¶14. With respect, I must dissent because, unlike the majority, I do not believe that *Burleson* is controlling. For the reasons discussed below, I would affirm the judgment of the circuit court.

¶15. I recite the relevant facts in *Burleson*:

> On May 15, 2002, Mary P. Burleson, the mother and personal representative of Bobby Shiers, Jr., filed a complaint against [Roy Michael] Lathem in the Circuit Court of Warren County, asserting a claim for wrongful death on behalf of and for the benefit of the five minor children of the deceased. The summons was issued on September 12, 2002. Lathem was served with process on September 17, 2002, 125 days after the filing of the complaint, exceeding

6

the 120-day requirement of Mississippi Rule of Civil Procedure 4(h). On October 15, 2002, Lathem filed his answer to the complaint, asserting only the affirmative defenses of failure to state a claim upon which relief can be granted and improper venue.

¶16. I do not find *Burleson* controlling for two reasons. First, the *Burleson* facts are different from our facts in a material way. In *Burleson*, the initial responsive pleading was made to the initial complaint. Second, *Burleson* does not address the interplay between Rule 15(a) of the Mississippi Rules of Civil Procedure, which allows a party to amend a pleading anytime before a responsive pleading is served, and Rule 4(h) of the Mississippi Rules of Civil Procedure, which requires that the service of the summons and complaint be made within 120 days of the filing of the complaint. Since the initial responsive pleading in *Burleson* was made to the initial complaint, the court did not reach the outcome-determinative issue in today's case—whether the affirmative defense of insufficiency of service of process is waived if it is not asserted in the initial response to an amended complaint filed, without permission of the court, more than 120 days after the date of the filing of the initial complaint.

¶17. SMG and the Convention Center filed an answer to an unauthorized, amended complaint, which, in my view, is not permitted by our rules or caselaw. So they could not waive the affirmative defense of insufficiency of process for failing to assert it in the initial responsive pleading that they filed but were not required to file. I explain.

¶18. Cox filed her initial lawsuit on October 13, 2013, and did not have process issued for any of the defendants. On July 9, 2015, Cox filed a motion for an extension of time to serve

7

process but did not notice the motion for hearing until December 2, 2015. In the interim, on July 24, 2015, Cox filed an amended complaint, without permission of the court, and had summons issued for the first time. It is the amended complaint that SMG and the Convention Center answered, without asserting the affirmative defense of insufficiency of process.

¶19. Although Rule 15(a) of the Mississippi Rules of Civil Procedure permits "a party to amend a pleading as a matter of course at any time before a responsive pleading is served," a common-sense interpretation of the rule, in my view, compels the conclusion that the at-any-time provision of the rule is qualified by the condition that the amended pleading does not and cannot extend the 120-day time period specified in Rule 4(h) of the Mississippi Rules of Civil Procedure. To interpret the provision otherwise would render meaningless the provision of Rule 4(h) that requires the service of the summons and complaint—and by extension an amended complaint filed as a matter of course—upon a defendant within 120 days of the filing of the complaint. So when Cox failed to have her initial complaint served within 120 days, she could not do an end-run around the requirements of Rule 4(h) by filing an amended complaint and restarting the 120-day time period. Her only remedy was to file a motion for an extension of time to serve process and show good cause why service of process was not made within the 120 days required by Rule 4(h). Failing to obtain an extension, Cox would have been required to voluntarily dismiss her complaint, assuming it was not dismissed by the court, and file a new complaint.

¶20. Implicit in the reasoning of the majority is the conclusion that the amended

8

complaint—to which SMG and the Convention Center responded and failed to assert the affirmative defense of insufficiency of process—extended the 120-day time period that began to run on October 13, 2013, when Cox filed her initial complaint. I disagree, for neither our rules nor our caselaw allows a plaintiff to split or spread her single cause of action between two lawsuits, which is exactly what Cox attempted to do here.

¶21.    I am aware of *Mississippi Comp Choice v. Clark*, 981 So. 2d 955 (Miss. 2008), holding that "Rule 15(a) does not require that a pleading be served before it may be amended; rather, it allows a plaintiff to amend his complaint "at any time before a responsive pleading is served." *Id*. at 959 (¶12). However, in *Clark*, the amended complaint was filed within 120 days of the filing of the original complaint, as the original complaint was filed on September 14, 2005, and the amended complaint on January 9, 2006, or 117 days after the filing of the original complaint. *Id*. at 957 (¶5). It is noteworthy that the amended complaint was served on the defendants on January 10, 2006, or 118 days after the filing of the original complaint. *Id*. at 958 (¶7). So the original complaint was still viable when the amended complaint was filed, and the amended complaint was served within 120 days of the filing of the original complaint. The issue in *Clark* was not whether an amended complaint was viable despite the amendment having been made as a matter of course more than 120 days after the filing of the original complaint, but whether the substituted plaintiff named in the amended complaint—which was served within 120 days of the original complaint—was the real party in interest, resulting in the amended complaint relating back to the date of the filing

9

of the original complaint.

¶22.   As noted, on July 9, 2015, Cox filed a motion to extend the time to serve process with respect to her initial complaint. While that motion was pending and without dismissing her initial complaint, Cox filed a second complaint, covering the same matter, and captioned it an amended complaint. The circuit court denied Cox's motion to extend the time for serving process on SMG and the Convention Center because Cox did not even attempt to serve the defendants within 120 days of the filing of her initial lawsuit. I find no abuse with that ruling. It would be an absurdity to find, as does the majority, that notwithstanding the lawful ruling of the circuit court refusing to grant an extension of time to serve process, Cox is nevertheless entitled to pursue her lawsuit because SMG and the Convention Center answered her amended lawsuit, which was filed, without permission of the court, three days prior to the running of the statute of limitations and more than 120 days after the filing of her initial complaint that she never attempted to serve.[3] Had Cox dismissed her original complaint and filed and served another complaint within the three days prior to the expiration of the statute of limitations, everything would have been fine, but she did not do so. Rather, she waited until after the statute of limitations had expired and sought a ruling on her motion for an extension of time to serve process of the original complaint.

¶23.   For the reasons discussed, I dissent. As stated, I would affirm the judgment of the

[3] The record does not inform us if the amended complaint was served within the three days remaining before the statute of limitations ran. The docket sheet reflects that the summons was issued, but it does not show a return.

circuit court.

**LEE, C.J., GRIFFIS, P.J., AND CARLTON, J., JOIN THIS OPINION.**