IRVING, P.J.,
DISSENTING:
¶ 14. With respect, I must dissent because, unlike the majority, I do not believe that Burleson is controlling. For the reasons discussed below, I would affirm the judgment of the circuit court.
¶ 15.1 recite the relevant facts in Burle-son-.
On May 15, 2002, Mary P. Burleson, the mother and personal representative of Bobby Shiers, Jr., filed a complaint against [Roy Michael] Lathem in the Circuit Court of Warren County, asserting a claim for wrongful death on behalf of and for the benefit of the five minor children of the deceased. The summons was issued on September 12, 2002. La-them was served with process on September 17, 2002,125 days after the filing of the complaint, exceeding the 120-day requirement of Mississippi Rule of Civil Procedure 4(h). On October 15, 2002, Lathem filed his answer to the complaint, asserting only the affirmative defenses of failure to state a claim upon which relief can be granted and improper venue.
¶ 16. I do not find Burleson controlling for two reasons. First, the Burleson facts are different from our facts in a material way. In Burleson, the initial responsive pleading was made to the initial complaint. Second, Burleson does not address the interplay between Rule 15(a) of the Mississippi Rules of Civil Procedure, which allows a party to amend a pleading anytime before a responsive pleading is served, and Rule 4(h) of the Mississippi Rules of Civil Procedure, which requires that the service of the summons and complaint be made within 120 days of the filing of the complaint. Since the initial responsive pleading in Burleson was made to the initial complaint, the court did not reach the outcome-determinative issue in today’s case— whether the affirmative defense of insufficiency of service of process is waived if it is not asserted in the initial response to an amended complaint filed, without permission of the court, more than 120 days after the date of the filing of the initial complaint.
¶ 17. SMG and the Convention Center filed an answer to an unauthorized, amended complaint, which, in my view, is not permitted by our rules or caselaw. So they could not waive the affirmative defense of insufficiency of process for failing to assert it in the initial responsive pleading that they filed but were not required to file. I explain.
¶ 18. Cox filed her initial lawsuit on October 13, 2013, and did not have process *1250 issued for any of the defendants. On July 9, 2015, Cox filed a motion for an extension of time to serve process but did not notice the motion for hearing until December 2, 2015. In the interim, on July 24, 2015, Cox filed an amended complaint, without permission of the court, and had summons issued for the first time. It is the amended complaint that SMG and the Convention Center answered, without asserting the affirmative defense of insufficiency of process.
¶ 19. Although Rule 15(a) of the Mississippi Rules of Civil Procedure permits “a party to amend a pleading as a matter of course at any time before a responsive pleading is served,” a common-sense interpretation of the rule, in my view, compels the conclusion that the at-any-time provision of the rule is qualified by the condition that the amended pleading does not and cannot extend the 120-day time period specified in Rule 4(h) of the Mississippi Rules of Civil Procedure. To interpret the provision otherwise would render meaningless the provision of Rule 4(h) that requires the service of the summons and complaint—and by extension an amended complaint filed as a matter of course— upon a defendant within 120 days of the filing of the complaint. So when Cox failed to have her initial complaint served within 120 days, she could not do an end-run around the requirements of Rule 4(h) by fifing an amended complaint and restarting the 120-day time period. Her only remedy was to file a motion for an extension of time to serve process and show good cause why service of process was not made within the 120 days required by Rule 4(h). Failing to obtain an extension, Cox would have been required to voluntarily dismiss her complaint, assuming it was not dismissed by the court, and file a new complaint.
¶20. Implicit in the reasoning of the majority is the conclusion that the amended complaint—to which SMG and the Convention Center responded and failed to assert the affirmative defense of insufficiency of process—extended the 120-day time period that began to run on October 13, 2013, when Cox filed her initial complaint. I disagree, for neither our rules nor our caselaw allows a plaintiff to split or spread her single cause of action between two lawsuits, which is exactly what Cox attempted to do here.
¶ 21. I am aware of Mississippi Comp Choice v. Clark, 981 So.2d 955 (Miss. 2008), holding that “Rule 15(a) does not require that a pleading be served before it may be amended; rather, it allows a plaintiff to amend his complaint “at any time before a responsive pleading is served.” Id. at 959 (¶ 12). However, in Clark, the amended complaint was filed within 120 days of the fifing of the original complaint, as the original complaint was filed on September 14, 2005, and the amended complaint on January 9, 2006, or 117 days after the fifing of the original complaint. Id. at 957 (¶ 5). It is noteworthy that the amended complaint was served on the defendants on January 10, 2006, or 118 days after the filing of the original complaint. Id. at 958 (¶ 7). So the original complaint was still viable when the amended complaint was filed, and the amended complaint was served within 120 days of the fifing of the original complaint. The issue in Clark was not whether an amended complaint was viable despite the amendment having been made as a matter of course more than 120 days after the fifing of the original complaint, but whether the substituted plaintiff named in the amended complaint—which was served within 120 days of the original complaint— was the real party in interest, resulting in the amended complaint relating back to the date of the filing of the original complaint.
¶ 22. As noted, on July 9, 2015, Cox filed a motion to extend the time to serve pro *1251 cess with respect to her initial complaint. While that motion was pending and without dismissing her initial complaint, Cox filed a second complaint, covering the same matter, and captioned it an amended complaint. The circuit court denied Cox’s motion to extend the time for serving process on SMG and the Convention Center because Cox did not even attempt to serve the defendants within 120 days of the filing of her initial lawsuit. I find no abuse with that ruling. It would be an absurdity to find, as does the majority, that notwithstanding the lawful ruling of the circuit court refusing to grant an extension of time to serve process, Cox is nevertheless entitled to pursue her lawsuit because SMG and the Convention Center answered her amended lawsuit, which was filed, without permission of the court, three days prior to the running of the statute of limitations and more than 120 days after the filing of her initial complaint that she never attempted to serve.[3] Had Cox dismissed her original complaint and filed and served another complaint within the three days prior to the expiration of the statute of limitations, everything would have been fine, but she did not do so. Rather, she waited until after the statute of limitations had expired and sought a ruling on her motion for an extension of time to serve process of the original complaint.
¶23. For the reasons discussed, I dissent. As stated, I would affirm the judgment of the circuit court.
LEE, C.J., GRIFFIS, P.J., AND CARLTON, J., JOIN THIS OPINION.

. The record does not inform us if the amended complaint was served within the three days remaining before the statute of limitations ran. The docket sheet reflects that the summons was issued, but it does not show a return.